Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**ORIGINAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2021 ★
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas
_____ Division

CV 21 - 0597

| | |
|---|---|
| ROHAN MARSHALL<br><br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br><br>NEW YORK STATE WORKERS' COMPENSATION BOARD<br><br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: (check one) ☑ Yes ☐ No<br><br>CHEN, J.<br><br>BLOOM, M.J. |

RECEIVED
JAN 29 2021
PRO SE OFFICE

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ROHAN MARSHALL |
| Street Address | 125 Ashland Pl. #11B |
| City and County | BROOKLYN, KINGS COUNTY |
| State and Zip Code | NEW YORK, 11201 |
| Telephone Number | (917)703-6984 |
| E-mail Address | rmjustice125@gmail.com |

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Defendant No. 1

    Name: NEW YORK STATE WORKERS' COMPENSATION BOARD

    Job or Title *(if known)*: SUPERVISOR ERIC LONDON

    Street Address: 328 STATE ST.

    City and County: SCHENECTADY

    State and Zip Code: NEW YORK, 12305

    Telephone Number: (518)402-6070

    E-mail Address *(if known)*: officeofthesecretary@wcb.ny.gov

Defendant No. 2

    Name:

    Job or Title *(if known)*:

    Street Address:

    City and County:

    State and Zip Code:

    Telephone Number:

    E-mail Address *(if known)*:

Defendant No. 3

    Name:

    Job or Title *(if known)*:

    Street Address:

    City and County:

    State and Zip Code:

    Telephone Number:

    E-mail Address *(if known)*:

Defendant No. 4

    Name:

    Job or Title *(if known)*:

    Street Address:

    City and County:

    State and Zip Code:

    Telephone Number:

    E-mail Address *(if known)*:

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | New York State Workers' Compensation Board |
| Street Address | 215 W 125th. St |
| City and County | New York, New York County |
| State and Zip Code | New York, 10027 |
| Telephone Number | (212)932-8101 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [✔] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [✔] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [✔] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Other federal law *(specify the federal law)*:

- [✔] Relevant state law *(specify, if known)*:

- [✔] Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [x] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) 3/15/17, 11/7/17, 11/28/17, 10/24/18, 4/25/19

C. I believe that defendant(s) *(check one)*:
- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [x] race _____
- [x] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [x] national origin _____
- [x] age *(year of birth)* 1964 *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*
  Diabetes, Heart disease, Severe retinopathy

E. The facts of my case are as follows. Attach additional pages if needed.

For many years, Eric London, Alan Bloomfield and others within management at the New York State Workers' Compensation Board engaged in discriminatory practices and maintained a hostile work environment including yelling at me both in public and private, berating me, demeaning me, as well as crafting work requirements specific only to Plaintiff, failing to promote Plaintiff, and failing to grant Plaintiff's duly requested work accommodations based on medical disability.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)* approximately ~~October 27, 2020~~. December 5, 2019

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)* 10/27/2020.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff prays that the court grant permanent injunction enjoying Defendant, its officers, supervisors, successors, assigns and all persons in active concert or participation with it from engaging in any employment practices which discriminates and retaliates against employees based on race, national origin, disability or age. Order defendant to institute and carry out policies, practices and programs which provide equal employment opportunities and promotions for all employees. Provide compensation for past and future pecuniary losses as well as non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation. Provide punitive damages for malicious and/or reckless conduct, provide training to its officers, managers and supervisors regarding discrimination and grant such further relief as the Court deems necessary.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/29/2021

Signature of Plaintiff

Printed Name of Plaintiff: Rohan Marshall

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

EEOC Form 161 (11/16)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Rohan Marshall
125 Ashland Place
Apt # 11B
Brooklyn, NY 11201

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-03345 | Holly M. Shabazz, State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Judy A. Keenan,
District Director

October 27, 2020
*(Date Mailed)*

Enclosures(s)

cc: Attn: Director of Human Resources
NYS WORKERS COMPENSATION
328 State Street
Schenectady, NY 12305



Rohan Marshall
125 Ashland Place, #11B
Brooklyn, NY 11201

January 26, 2021

III    STATEMENT OF CLAIM

New York Workers' Compensation Board Supervisors Eric London and Alan Bloomfield discriminated against Rohan Marshall (African-American) by maintaining a hostile work environment based on national origin, race, and disability and that the defendant retaliated against plaintiff with Employee Disciplinary Actions in concerted efforts to suspend and terminate plaintiff's employment in violation of 1) the Americans with Disabilities Act of 1990, as I have diabetes and severe retinopathy, 2) the Age Discrimination Act of 1967 and 3) Title VII of the Civil Rights Act of 1964.

For many years, Eric London, Alan Bloomfield and others within management at the New York State Workers' Compensation Board have engaged in a campaign of discriminatory practices and maintained a hostile work environment and even circulated an email under the heading, "How can we get him?" Alan Bloomfield even told me that he was mugged by someone that resembled me. They maintained a hostile work environment by berating me on the street, in the office and at meetings in violation of Title VII of the Civil Rights Act of 1964. See the 11/7/17 interaction. Alan Bloomfield informed me that I was not meeting the alleged quota of processed files daily. Plaintiff suffers from eye issues including diabetic retinopathy and therefore, I stayed after work hours to continue my work, Alan Bloomfield came to my cubicle yelling at me to leave the work site at once and that I am not allowed to be on the premises after 4:45 PM even though, I am a professional and do not get paid overtime. Upon information and belief, no other conciliator, judge or agency personnel was required to leave the work site at the end of their work day in violation of Title VII of the Civil Rights Act of 1964.

Supervisor London crafted job requirements specific only to plaintiff. They include requiring me to answer emails within two hours or face discipline while permitting everyone else to respond by the next day in violation of Title VII of the Civil Rights Act of 1964.

Also, in previous years although qualified for positions, the supervisors have indicated that those positions were set for "people who needed to land on their feet softly" in violation of Title VII of the Civil Rights Act of 1964.

I suffer from eye problems including diabetic retinopathy. I repeatedly requested an accommodation for a larger monitor in order to be able to see the file documents which are often handwritten, illegible and in small print, my requests for

appropriate accommodation was denied and I was directed to look for other employment.

Once I had past the five year threshold mark for vesting, everything became a problem for the supervisors. Even apprising the supervisor of medical appointments was deemed problematic.. The Supervisors suggested that Plaintiff find another job. Plaintiff has had to deal with being berated on the public street, in front of colleagues, in the office and during supervisory sessions in the supervisors' office. Defendant London and Mr. Bloomfield have engaged in constant harassment in the forms of unfounded and destructive criticism, yelling, Counseling Session, Notice of Discipline, Interrogation and scheduling of legal proceedings in the pursuit of "... get him".

III.

A. Discriminatory Acts

Failure to promote ; failure to accommodate in light of a disability; unequal terms and conditions of employment; retaliation

B. The discriminatory acts took place between 2015 to 2021

E. The Facts of the Case

On 4/3/17, Plaintiff fell at the work site and sustained traumatic injuries to varies parts of the body including the neck, back, thighs, back of the knees, ankles, arms and hands. Pain manifested itself also in the throat, front of the chest, and groin area. Supervisor Bloomfield was advised of the fall and related injuries. The Supervisor was seen communicating with the custodian of the tape prior to it being requested. The tape was never produced and Plaintiff was informed that it was not preserved.

On 5/16/17 an email was sent requesting reasonable accommodation, based on Plaintiff's medical conditions.

On 10/10/18 Colleen Shank sent acknowledgement of Plaintiff's request for reasonable accommodation.

On 10/23/17 Supervisor Eric London sent an email relaying his sorrow, regarding Plaintiff's eye condition and reminding Plaintiff of an October 13, 2017 counseling memorandum without addressing the accommodation request.

On 12/15/17 an email was received from The New York State Workers' Compensation Boards' Human Resources Department which failed to address Plaintiff accommodation request. Supervisor London acknowledged the same. Never having granted any meaningful accommodation is a violation of Title VII of the Civil Rights Act of 1964.

On 3/29/19 Ms. Shank sent an email again noting the reasonable accommodation request.

See the 4/2/19 an email sent to Supervisor London.

On 4/9/19, an email to Ms. Donna Erno was sent inquiring whether the Americans with Disabilities Act of 1967 was being ignored in an attempt to pursue the mandate to "...get him".

On 4/27/20 a Reasonable Accommodation form was sent by Cheryl Bass. Supervisor London was informed that Plaintiff had symptoms of COVID-19: chest pains, profuse and cold sweating, a general feeling of malaise and requested a larger monitor to view the items in the work queue; possibly one about 24". As there was no Reasonable Accommodation instituted, Plaintiff subsequently purchased two monitors.

On 10/20//20 Cheryl Bass indicated that she had received a medical report demonstrating the needed reasonable accommodation.


Statement of Fact Regarding Age Discrimination

A March 15, 2019 letter to Michael Volforte, head of the NYS Governor's Office of Employee Relationship.

After vesting in the NYS Retirement System Plaintiff has been relentlessly harassed and told to look for employment elsewhere.

Finally, on 11/5/20, Supervisor Eric London filed a 2020 to 2021 six month Recertification Shell Evaluation Program with an addendum. The addendum reflects a carbon copy to Supervisor Marc Grodsky's. Mr. Grodsky is not known to be in charge of supervising Plaintiff's work. His jurisdiction encompasses areas outside of Manhattan. The addendum informed Plaintiff that an unsatisfactory rating was being meted out by the evaluation team. According to Supervisor London the work production amounted to approximately 29.32 or 29.64 items per day instead of 30. Was there any percentage error or formula used and consideration given for Plaintiff's having diabetic retinopathy, any percentage points given based on the Information Technology having to be contacted daily to unlock the VMWare onboarding device, any allowance given for computer slowness after Plaintiff finally and successfully accessed the Computer Information System platform and the work

queue? If so, how much? If not, why not? Supervisor London has not demonstrated any objective methodology in arriving at that number. How is the credit given for time lost due to computer lag time? Is any credit given?

With the above actions Supervisor London has violated Title VII of the Civil Rights Act and the Age Discrimination Act as he has singled out Plaintiff based on age, disability, ethnic orientation and personal animus.

Supervisor London has no rational reason for finding that Plaintiff did not meet the standards enumerated in items #5 and #9 of the Performance Evaluation Standard.

Item #7 is vague and does not clarify if it is the States's proviso which mandates a two hour response to e-mails. Mr. London is to defend his position that he has the right to treat Plaintiff in a disparate and unequal manner, while creating a hostile work environment.

Item #10 which directs that requests are to be made as early as possible when there is a need to take time off. That directive is vague and violates Title VII of the Civil rights Act of 1964 and the Age Discrimination in Employment Act of 1967. The Defendant has not given any allowance for the Plaintiff's need to consult with an ophthalmologist or cardiologist, based on medical necessity and professionals' availability.

The latest unsatisfactory evaluation was simply a cover for Defendant Eric London, perhaps at the behest of Supervisor Marc Grodsky to engage in discriminatory behavior, as Mr. Grodsky has no basis to determine Plaintiff's rating.

For the last fifteen years Plaintiff has had to endure excessive stress on the job, brought on by Alan Bloomfield, Eric London and Marc Grodsky's unending harassment and intimidation tactics. For Mr. Grodsky his goal is to close out the deal; for Defendant London it is simply to do as he is told: Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment and Disability Acts notwithstanding. The Defendants committed unlawful employment practice of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 1981 when the Plaintiff complained to upper management of the illegal acts and practices. This action seeks to provide appropriate relief to Plaintiff, Rohan Marshall, who was adversely affected by such discriminatory practice.

The effects of the events described above has been to deprive Plaintiff of equal employment opportunities.

The unlawful employment practices described above were intentional.

The unlawful Employment practices described were done with malice and with reckless indifference to the federally protected rights of Plaintiff.

Prayer for Relief

Plaintiff prays that the Court grant a permanent injunction enjoining Defendant, its officers, supervisors, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminates and retaliates against employees based on race, national origin, disability or age.

Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and promotions for all employees.

Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to job searches and medical expenses.

Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation.

Order Defendant to pay Plaintiff punitive damages for its malicious and or reckless conduct, described above, in amounts to be determined at trial.

Order Defendant to provide training to its officers, managers, supervisors and employees regarding discrimination, harassment and retaliation in the work place.

GRANT such further relief as the Court deems necessary, just and proper.

Jury Trial Demand

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: January 28, 2021
Brooklyn, NY

Respectfully submitted,

Rohan Marshall
125 Ashland Place, #11B
Brooklyn, NY 11201
917-703-6984
rmjustice125@gmail.com

JPMorgan Chase Bank, N.A.
nyl-2487
490 Fulton Street
Brooklyn, NY 11201

CHASE

US FEDL Court
225 CAD MAN Plaza EAST
BKLYN N.Y. 11201

